UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

AVAIL 1 LLC,

                         Plaintiff,

            -against-

ROBERT GALGANO, JR., STEPHEN
GALGANO, as sole heirs and next of kin
of ROBERT F. GALGANO, SR.

                            Defendant(s).

------------------------------------------------------------X

22-cv-06734-CS

JUDGMENT OF
FORECLOSURE
AND SALE

     On the Summons in a Civil Action (the "Summons") and Amended Verified Complaint (the "Complaint") filed herein on August 11, 2022; on the Notice of Pendency filed in the Putnam County Clerk's Office; and upon the Order granting Stipulation consenting to a final Judgment of Foreclosure and Sale, entered on September 30, 2022;

     NOW, upon the Affidavit of Amounts Due to Plaintiff of James Fratangelo, sworn to the 10th day of October, 2022, the Court finds that the amount computed by the Court to be due on the Note ("Note") and Mortgage is $393,333.40, including interest, as of October 7, 2022.

     **IT IS ORDERED AND ADJUDGED,** that the mortgaged premises described in the Complaint and described in Schedule "A" annexed hereto and sold pursuant to this Judgment.

     Together with all right, title and interest of the owner thereof, if any, in and to the land lying in the streets and road in front of the adjoining said premises, to the center line thereof.

     Together with all fixtures and articles of personal property annexed to, installed in, or used in connection with the mortgage premises, all as more fully set forth in the aforementioned mortgage, be sold in one parcel subject to the following any state of facts that an accurate survey may show; easements, covenants, restrictions or reservations or records, if any; zoning restrictions and any amendments thereto according to law now in force; existing violations and orders of the

appropriate departments of any City, Town or Village, if any; the physical condition of the premises at the time of closing; and with any apportionments or adjustments; at public auction to be held on the steps of the White Plains Courthouse, Southern District of New York, located at 300 Quarropas Street, White Plains, New York 10601 by and under the direction of Carl L. Finger, Esq., who is hereby designated as Referee herein to sell the mortgaged premises in accordance with that purpose; that said Referee give public notice of the time and place of such sale in accordance with RPAPL §231 in Putnam County Press and in the case the Plaintiff shall become the purchaser at the said sale, Plaintiff shall not be required to make any deposit thereon, that said Referee or his duly appointed designee, execute to the purchaser or purchasers on such a sale a deed of the premises sold, that in the event a third party other than the Plaintiff becomes the purchaser or purchasers at such sale, the closing of title shall be had thirty days after such sale unless otherwise stipulated by all parties to the sale; and it is further

**ORDERED** that said Referee or his duly appointed designee then deposit the balance of said proceeds of the sale in his own name as Referee in an FDIC Insured Bank and shall thereafter make the following payments and his checks drawn for that purpose shall be paid by said depository.

1st     The sum of $750.00 to said Referee for his fees herein.

2nd     The expenses of the sale and the advertising expenses as shown on the bills presented to said Referee and certified by his to be correct, duplicate copies of which shall be left with said depository.

3rd     And also the sum of $393,333.40 (inclusive of costs), the amount computed by the Court and adjudged to Plaintiff as aforesaid, with interest from October 7, 2022 and also the amount of any sums expended by Plaintiff, for taxes, assessments, water rates and sewer rents,

with interest and penalties accrued thereon, or so much thereof as the purchase money of the mortgaged premises will pay of the same; and it is further

**ORDERED AND ADJUDGED**, that said Referee or his duly appointed designee shall take the receipt of Plaintiff or its attorney for the amounts paid as directed in item marked "3rd" and shall file it with his report of sale.  That said Referee or his duly appointed designee shall deposit the surplus monies, if any, with the aforesaid depository, within 5 days after the same shall be received and ascertainable, to the credit of this action, to be withdrawn only on the order of a Judge of this Court.

In the event that the Plaintiff or a governmental agency thereof is the purchaser of said mortgaged premises at said sale, or in the event that the rights of the purchaser at said sale and the terms of sale under this judgment shall be assigned to and be acquired by Plaintiff or any such governmental agency, and a valid assignment thereof be filed with the said Referee or his duly appointed designee shall not require Plaintiff or such governmental agency to pay in cash the amount bid at such sale, but shall execute and deliver to Plaintiff or such governmental agency a deed of the premises sold.  Plaintiff or such governmental agency shall pay the amount specified in the items marked "1st" and "2nd" and shall also pay the amount of the aforesaid taxes, assessments, water rates, sewer rents and interest and penalties thereon, if any.  Said Referee or his duly appointed designee shall apply the balance of the amount bid after deducting therefrom the aforesaid amount paid by Plaintiff or such governmental agency, to the amounts due Plaintiff in the item marked "3rd", and if there be a surplus over and above said amounts due Plaintiff, Plaintiff shall pay to said Referee or his duly appointed designee upon delivery of said Referee's Deed, the amount of such surplus, and said Referee or his duly appointed designees shall deposit said surplus as hereinabove directed; and it is further

**ORDERED AND ADJUDGED,** that the purchaser at said sale be let into possession on production of the said Referee or his duly appointed designee's deed; and it is further

**ORDERED AND ADJUDGED,** that each and all of the Defendants in this action, and all the persons claiming under them, or any or either of them, after filing of the notice of the pendency of this action, be and hereby be forever barred and foreclosed of all right, title, claim, interest, lien and equity of redemption in said mortgaged premises and each and every party thereof; and it is further

**ORDERED, ADJUDGED AND DECREED,**  that said premises is to be sold in one parcel in "as is" physical order and condition, subject to any state of facts that an inspection of the premises would disclose, any state of facts that an accurate survey of the premises would show; any covenants, restrictions, declarations, reservations, easements, rights of way and public utility agreements of record, if any; any building and zoning ordinances of the municipality in which the mortgaged premises is located and possible violations of same; any rights of tenants or person in possession of the subject premises; prior lien(s) of record, if any, except those liens addressed in section 1354 of the Real Property Actions and Proceedings Law. Said premises commonly known as 41 Saint Michaels Terrace, Carmel, New York 10512. A description of said mortgaged premises is annexed hereto and made a part hereof as Schedule "A".

Dated: White Plains, New York

_____10/11/22_____, ~~2020~~

_____

The Honorable Cathy Seibel
United States District Court Judge

## SCHEDULE A

### DESCRIPTION OF MORTGAGED PREMISES

Section 44.19 Block 1 and Lot 32

ALL that certain plot, piece or parcel of land, with the buildings and improvements thereon erected, situate, lying and being in the Town of Carmel, County of Putnam, State of New York, shown as Lot No. 9, Sub-Division Map of St. Michaels Terrace, filed Putnam County Clerk's Office, December 20th, 1966 as Map No. 1080.

Premises known as 41 Saint Michaels Terrace, Carmel, New York 10512

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
AVAIL 1 LLC,                                                          .        Civil Action No. 22-cv-06734-CS

                                    Plaintiff,

              -against-                                                        AFFIDAVIT OF
                                                                              AMOUNTS DUE
ROBERT GALGANO, JR., STEPHEN                                   TO PLAINTIFF
GALGANO, as sole heirs and next of kin
of ROBERT F. GALGANO, SR.
                                    Defendant(s).
-----------------------------------------------------------X

STATE OF Florida                        )
                                        ) ss:
COUNTY OF Miami-Dade                    )

James Fratangelo, being duly sworn, deposes and says:

1. I am the Manager of Avail 1 LLC ("Avail" or "Plaintiff"). I am fully familiar with all of the facts and circumstances herein. I have access to Avail's business records including the business records relating to the loan of Robert F. Galgano, Sr. (the "Defendant"), borrower in the present action.

2. I make this affidavit based upon my review and examination of the records relating to the Defendant's loan and from my own personal knowledge of how they are kept and maintained in the regular course of Avail's business. It is the regular course of business to keep and maintain such records.

3. This Affidavit is offered to the Court to provide an explanation as to the amounts owed to Avail.

4. Avail is the owner and holder of the Mortgage and Note, described in the Complaint.

5. This loan became due and payable upon the death of the Defendant, i.e., June 13, 2019. As of October 7, 2022, the outstanding unpaid principal balance is $337,423.84.

6. In addition to the outstanding principal amount being owed, Defendant owes interest from June 13, 2019, to October 7, 2022 totaling $55,909.56.

7. Pursuant to the terms of the Note, at the time of default, the interest rate was 4.99%. Interest is calculated by taking the principal balance (i.e. $337,423.84) and multiplying it by 4.99% and then dividing that number by 365 days to obtain the *per diem* interest which, in this case, equals $46.13. The interest is calculated from June 13, 2019 through October 7, 2022, which is 1212 days. 1212 days multiplied by the per diem of $46.13 equals the total past-due interest of $55,909.56.

8. The total past due interest in the amount of $55,909.56 plus the principal balance in the amount of $337,423.84 equals the total amount owed on this loan in the amount of $393,333.40.

9. The mortgaged premises consist of one (1) parcel of land and one (1) tax lot located in the County of Putnam, State of New York.

10. I respectfully request that the Court allow the premises be sold as one (1) parcel.

11. I am making this Affidavit knowing full well that the United States District Court, Southern District of New York is relying upon the truth of the statements contained herein.

**Avail 1 LLC**
by Avail Holding LLC,
a Delaware Limited Liability Company, sole member

By: _____
Name: James Fratangelo
Title: Manager

ACKNOWLEDGMENT

State of Florida                    )

County of Miami-Dade        )ss.

On the 10th day of October in the year 2022 before me, the undersigned, personally appeared James Fratangelo, personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is(are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), that by his/her/their signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument, and that such individual made such appearance before the undersigned in the City of Miami, State of Florida.

_____
Notary Signature

Ashton Hamerlin
NOTARY PUBLIC
STATE OF FLORIDA
Comm# GG931033
Expires 11/23/2023